# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **EDGAR ESTEBAN PAEZ-PAEZ,**<br><br>**Petitioner,**<br><br>v.<br><br>**TODD BLANCHE, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–07285–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Edgar Esteban Paez-Paez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.     Petitioner is a citizen of Colombia.   (ECF No. 1 ¶ 18.)   He entered the United States without inspection on October 20, 2022.   (*Id.* ¶ 19.)

2.     Petitioner was briefly detained by immigration officials and allegedly "processed as an expedited removal" pursuant to 8 U.S.C. § 1225(b)(1).   (ECF No. 5 p. 2.)   He was released on December 12, 2022, purportedly pursuant to 8 U.S.C. § 1182(d)(5)(A).   (*Id.*)

3.     On June 15, 2026, Immigration and Customs Enforcement (ICE) detained petitioner at a reporting appointment.   (ECF No. 1 ¶¶ 18, 22.)   This Petition followed.

4.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.     Respondents filed an answer on June 22, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he "was (i) apprehended at a port of entry or near the border, (ii) placed in expedited removal proceedings, and (iii) expressed a fear of return to Colombia; he thus falls under the mandatory detention requirements of § 1225(b)(1)." (ECF No. 5 p. 3.)   They assert that he was placed into expedited removal proceedings and is awaiting a credible fear interview.   (*Id.*)

6.    Respondents rely on a Notice and Order of Expedited Removal dated October 23, 2022 (Form). (ECF No. 5–4.) Congress has limited judicial review of issues relating to expedited removal orders. In reviewing an expedited removal order, I may only determine whether petitioner is a noncitizen, whether he was ordered removed pursuant to §1225(b)(1), and whether he "can prove by a preponderance of the evidence that the petitioner is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee ... or has been granted asylum ... ." 8 U.S.C. § 1252(e)(2)(A)–(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

7.    Only the second situation—*i.e.*, whether petitioner was ordered removed—is relevant to the Petition.   This "review should only be for whether an immigration officer issued that piece of paper and whether the [p]etitioner is the same person referred to in that order."   *Castro*, 835 F.3d at 431.

8.    I conclude that petitioner was not ordered removed in accordance with §1225(b)(1).   As its name implies, the Form contains two sections.   The first section is called the determination of inadmissibility, and the second section is the order of removal.   (*See* ECF No. 5–4 p.1.)

9.    A border patrol agent typed his name in the first section of the Form, but he did not sign it.   (*Id.*)   He typed his name again in the second section, but again neglected to sign.   There are no entries—typed or otherwise—on the lines indicating that a supervisor reviewed and approved the order of removal. (*Id.*) "Any removal order entered by an examining immigration officer pursuant to section 235(b)(1) of the [Immigration and Nationality Act] *must be reviewed and approved by the appropriate supervisor before the order is considered final.*"   8 C.F.R. §235.3(b)(7)(emphasis added).   Petitioner was initially processed for expedited removal at best, but he was not ordered removed.   *See also Cifuentes v. Soto*, No. 25–cv–18029, 2025 WL 3771380, at *2 (D.N.J. Dec. 31, 2025) (holding ICE "cannot now retroactively resurrect that [expedited removal] order to justify detention under §1225(b) absent evidence that the order ever took legal effect.")

10.    Respondents also have not produced any evidence that petitioner was paroled pursuant to §1182(d)(5)(A) beyond one sentence in the June 15, 2026 record of deportable/inadmissible alien form.   (ECF No. 5–1 p.2.)   They have not submitted any paperwork that one would expect to accompany a decision to release someone on parole "for urgent humanitarian reasons or significant public benefit ... ." 8 U.S.C. §1182(d)(5)(A)

11.    Therefore, I conclude that petitioner is being unlawfully detained under 8 U.S.C. § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have

been detained under 8 U.S.C. § 1226(a).[1] *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, *2–3 (D.N.J. Oct. 30, 2025).

12. I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for ... detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this **25th** day of **June 2026 ORDERED** that:

1. Petitioner's § 2241 Petition is **GRANTED**. Within **24 hours** of this Order's entry, respondents shall **RELEASE** petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2. Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or

---

[1] I note that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

3

affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.    Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.    Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

5.    Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

6.    To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

7.    The Clerk shall **CLOSE** this case.


　　　　　　　　　　　　　　 _/s/ Edward S. Kiel_
　　　　　　　　　　　　　　 **EDWARD S. KIEL**
　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**